Hand-Delivered

FILED
CHARLOTTE, NC

NOV 24 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

JadeMonae' McCain, Plaintiff
v.
Wells Fargo Bank, N.A., Defendant

**COMPLAINT**
(Jury Trial Demanded)

3:25-cv-951-KDB

## I. INTRODUCTION

Plaintiff JadeMonae' McCain brings this civil action against Defendant Wells Fargo Bank, N.A. for violations of the Americans with Disabilities Act ("ADA") and Title VII, including disability discrimination, failure to accommodate, retaliation, religious discrimination, and hostile work environment. Plaintiff asserts that Defendant subjected her to unequal treatment, inconsistent enforcement of policies, interference with approved accommodations, and retaliatory conduct following her protected activity. HR investigators substantiated portions of her concerns; however, corrective action has yet to be implemented, leaving her continuous reports of discrimination, retaliation, and ADA accommodation issues unresolved.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Charlotte, North Carolina.

## III. PARTIES

Plaintiff JadeMonae' McCain is a resident of Mecklenburg County, North Carolina. Defendant Wells Fargo Bank, N.A. is a national banking institution conducting substantial business within this District.

## IV. FACTUAL ALLEGATIONS

A. June 11, 2024 – Fabricated HR Allegation Leadership falsely informed Plaintiff an HR complaint existed, presenting a document as "official." Plaintiff later learned no such case existed. Witnesses were ignored. This marked the beginning of a pattern of retaliation and hostility.

B. Accommodation Issues and Chair Removal Despite medical documentation, Plaintiff's ADA accommodations were repeatedly delayed, mishandled, and removed. Removal occurred despite ongoing approved medical accommodations as of January 13, 2025. Plaintiff's appointed and approved chair was moved in May while Plaintiff was on PTO, despite Plaintiff actively utilizing the approved chair which had a laminated accommodations sign taped to it

per the directive of the Accommodations Manager issued in January. Non-disabled employees and management were permitted to use identical chairs without consequence, who were observed in continuous use on November 21, 2025. Property management interfered with Plaintiff's medically approved chair while leadership supported its removal, contrary to ADA protections.

C. Leadership-Created Safety Risk Plaintiff was forced to enforce a guideline misrepresented as policy, resulting in a colleague attempting to initiate a physical altercation while leadership watched. In another incident, a colleague shouted at, attempted to grab, and followed Plaintiff. Leadership knew the employee admitted to intentional intimidation yet moved the employee closer. Manager Danielle Nixon encouraged Plaintiff to "hear the employee out" despite Plaintiff expressing fear for her safety.

D. Public Insults and Disability-Related Humiliation Site Leader Janet Knowlin-Kroger stated Plaintiff was "not smart enough to question" her despite knowing Plaintiff had a concussion with memory issues. Knowlin-Kroger mocked Plaintiff's communications and told peers Plaintiff "must be using ChatGPT," intensifying the hostile environment.

E. Religious Accommodation Discrimination & FMLA Coercion Plaintiff requested a religious accommodation. Leadership denied the request based on false statements regarding "specialty teams." Peers later confirmed these statements were false and others received schedule changes without using the official accommodation process. Employee Relations encouraged Plaintiff to misuse her approved medical FMLA leave "at her leisure" for religious purposes despite acknowledging this would violate federal law. Plaintiff requested escalation to Legal, which was refused until she documented the misconduct. Although Plaintiff eventually received an aligned schedule, the delay does not cure earlier discrimination, coercion, or emotional distress.

F. Undisclosed Physical Therapist Evaluation & ADA Interference Despite an approved accommodation since January 13, 2025, Defendant directed Plaintiff into a virtual evaluation under false pretenses. Plaintiff was not informed the evaluator was a physical therapist until the session, when the therapist requested medical information. Plaintiff refused and stated she did not consent. Defendant challenged three medical documents from Plaintiff's provider, delaying accommodation and demonstrating bad-faith interference with the ADA interactive process.

## V. CLAIMS FOR RELIEF

Count 1 – Disability Discrimination (ADA) Count 2 – Failure to Accommodate (ADA) Count 3 – Retaliation (ADA & Title VII) Count 4 – Hostile Work Environment (ADA & Title VII) Count 5 – Religious Discrimination & Failure to Accommodate (Title VII)

## VI. DAMAGES

Plaintiff seeks compensatory damages, emotional distress damages, back pay, front pay, restoration of lost PTO, correction of personnel records, and transfer to an alternate department while maintaining her leadership title, along with any other relief permitted by law.

**VII. JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

/s/ JadeMonae' McCain
Charlotte, NC
Date: 11/24/2025